

FILED Rec'd 5/18/15
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y. KLM

★ MAY 1 5 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LESLIE PARKS,                                          :
                                                      :
                        Petitioner,                   :
                                                      :        **DECISION AND ORDER**
        -against-                                     :        14-CV-4785 (WFK) (LB)
                                                      :
SUPERINTENDENT MICHAEL SHEAHAN                        :
                                                      :
                        Respondent.                   :
-------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 by Petitioner Leslie Parks ("Petitioner"). Dkt. 1 ("Petition"). Petitioner is incarcerated pursuant to his convictions of one count of Murder in the First Degree, one count of Robbery in the First Degree, one count of Attempted Robbery in the First Degree, and two counts of Criminal Possession of a Weapon in the Second Degree. *Id.* at 1. Petitioner, proceeding *pro se*, argues he is entitled to *habeas* relief because (1) the verdict was against the weight of the evidence because accomplice testimony at trial was insufficiently corroborated; (2) his right to due process was violated when a prosecution witness who was under psychiatric care was permitted to testify at trial; (3) he received ineffective assistance of counsel at trial because trial counsel failed to preserve the objection to accomplice testimony; (4) he received ineffective assistance of counsel at trial because trial counsel failed to present exculpatory evidence to the jury; (5) he received ineffective assistance of appellate counsel because appellate counsel failed to raise a claim regarding the prosecution witness who was under psychiatric care; and (6) he received ineffective assistance of appellate counsel because appellate counsel failed to contest the prosecutor's prejudicial opening statement and prosecutor's allowing of a police officer to testify falsely. *Id.* at 6-14. For the reasons discussed below, the petition for the writ of *habeas corpus* is DENIED in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

**Alleged Crimes and Conviction**

On December 30, 2003, at about 7:00 A.M., Petitioner and an accomplice, Alfred Snell,

entered a restaurant in Brooklyn, New York, and held up all of the people in the restaurant at

gunpoint. Dkt. 7 ("Opp") at ¶ 5. When Ikel Luxama resisted, Petitioner shot him in the head and

killed him. *Id.*; *see also* Dkt. 7-4 ("App. II") at 21[1]. Petitioner then stole money from Mr. Luxama and from the can the restaurant used as a cash register. Opp. at ¶ 5.

Later that morning, at about 10:45 A.M., Petitioner and a different accomplice, Robert Bradley, entered a grocery store in Brooklyn, New York, and held up Abdulka Alshameri, an employee. *Id.* They proceeded to steal money and cigars from the store. *Id.*

For the first robbery of the restaurant and the homicide of Ikel Luxama, Petitioner was charged by Kings County Indictment Number 4974/2004 with Murder in the First Degree in violation of N.Y. Penal Law § 125.27(1)(a)(vii), two counts of Murder in the Second Degree in violation of N.Y. Penal Law § 125.15(1), (3), two counts of Robbery in the First Degree in violation of N.Y. Penal Law § 160.15(1), (2), Robbery in the Second Degree in violation of N.Y. Penal Law § 160.10(1), Robbery in the Third Degree in violation of N.Y. Penal Law § 160.05, two counts of Criminal Possession of a Weapon in the Second Degree in violation of N.Y. Penal Law § 265.03(2), and two counts of Criminal Possession of a Weapon in the Third Degree in violation of N.Y. Penal Law § 265.02(4). *Id.* at ¶ 6.

For the second robbery of the grocery store (the robbery involving Abdulka Alshameri), Petitioner was charged under the same indictment with Robbery in the First Degree in violation of N.Y. Penal Law § 160.15(2), Robbery in the Second Degree in violation of N.Y. Penal Law § 160.10(1), Robbery in the Third Degree in violation of N.Y. Penal Law § 160.05, Criminal Possession of a Weapon in the Second Degree in violation of N.Y. Penal Law § 265.03(2), Criminal Possession of a Weapon in the Third Degree in violation of N.Y. Penal Law § 265.02(4), and Criminal Possession of Stolen Property in the Fifth Degree in violation of N.Y. Penal Law § 165.40. *Id.* at ¶ 7.

---

[1] For consistency, all page numbers refer to the PDF page number as the documents were filed electronically, rather than the document page number.

Petitioner had two trials before the Honorable Michael A. Gary of Supreme Court of the State of New York, Kings County. App. II at 22-23. Petitioner's first trial, in which he was represented by two attorneys, ended in a mistrial. *Id.* at 22. At Petitioner's second trial, Petitioner was only represented by one attorney, who had been the first seat in the initial trial. *Id.* at 22-23.

At the second jury trial, Petitioner was convicted of Murder in the First Degree in violation of N.Y. Penal Law § 125.27(1)(a)(vii), Robbery in the First Degree in violation of N.Y. Penal Law § 160.15(2), Attempted Robbery in the First Degree in violation of N.Y. Penal Law §§ 110.00, 160.15(2), and two counts of Criminal Possession of a Weapon in the Second Degree in violation of N.Y. Penal Law § 160.15(1). Opp. at ¶ 8.

On June 26, 2006, Petitioner was sentenced by Justice Gary to concurrent, indeterminate terms of imprisonment of life without parole on the First Degree Murder count, twenty years to life on the Attempted First Degree Robbery count, and twenty years to life on the Second Degree Weapons Possession count, all of which are in relation to the restaurant hold-up and which are to run consecutively with concurrent indeterminate terms of imprisonment of twenty-five years to life on the First Degree Robbery count and twenty years to life on the Second Degree Weapons Possession count which are in relation to the grocery store hold-up. *Id.* at ¶ 9; *see also* Dkt. 7-2 ("Tr. II") at 797-98. Petitioner was found to be a persistent violent felony offender due to his having committed four prior violent felonies which contributed to the length of his sentence. Tr. II at 785-87.

**Direct Appeal**

In January 2009, Petitioner, represented by counsel, appealed his convictions to the New York Supreme Court, Appellate Division, Second Judicial Department ("Second Department").

Opp. at ¶ 12; *see also* Dkt. 7-3 ("App. I") at 1-32. On November 17, 2009, the Second Department held that the guilty verdict was not against the weight of the evidence and that Petitioner was not denied effective assistance of counsel at trial. *People v. Parks*, 889 N.Y.S.2d 620, 621-22 (2d Dep't 2009).

On November 30, 2009, Petitioner, through counsel, filed an application for permission to appeal the Second Department's decision to the New York Court of Appeals. App. I at 83. On January 22, 2010, Chief Judge Jonathan Lippman denied Petitioner's application. *People v. Parks*, 922 N.E.2d 920 (N.Y. 2010).

**State Post-Conviction Motions**

On September 18, 2010, Petitioner, proceeding *pro se*, filed a motion to vacate the judgment pursuant to N.Y. C.P.L.R. § 440.10 ("440 Motion"). App. I at 87-219. Petitioner argued that the trial court erred in not ordering a psychiatric evaluation of one of the prosecution's witnesses, that his attorney was ineffective for not objecting to the admission of that witness's testimony, that he was prejudiced by the failure to introduce his arrest photo which would show the police officers were fabricating evidence, and various other ineffective assistance of counsel claims. App. II at 23. On October 7, 2011, the trial court denied Petitioner's 440 Motion. *Id.* at 21-28. The trial court found that the claim regarding the incompetent witness was not properly reviewed on a 440 motion, and that Petitioner did not suffer ineffective assistance of counsel because the challenged actions were either strategic, would have barely gone against the overwhelming evidence, or would have incriminated Petitioner even more. *Id.* at 24-27. The trial court also denied Petitioner's request to have a pair of bloody boots tested for DNA as they had previously been tested and the only DNA from the boots, as shown at trial, had been Mr. Luxama's DNA. *Id.* at 27.

On October 24, 2011, Petitioner filed an application for a certificate granting leave to appeal the trial court's 440 decision to the Second Department. *Id.* at 32-35. On April 3, 2012, that application was denied by an Associate Justice of the Second Department. *Id.* at 40.

On April 23, 2012, Petitioner filed an application for a writ of error *coram nobis* to the Second Department on the ground of ineffective assistance of appellate counsel. *Id.* at 42-149. On October 17, 2012, the Second Department denied Petitioner's application for a writ of error *coram nobis*, finding Petitioner had "failed to establish he was denied the effective assistance of appellate counsel." *People v. Parks*, 951 N.Y.S.2d 916, 916 (2d Dep't 2012); *see also* App. II at 191. On November 3, 2012, Petitioner filed an application for leave to appeal the denial of his petition for a writ of error *coram nobis* to the New York Court of Appeals. App. II at 192-99. On January 29, 2013, Petitioner's application for leave to appeal was denied by an Associate Justice of the New York Court of Appeals. *People v. Parks*, 984 N.E.2d 332, 332 (N.Y. 2013); *see also* App. II at 202.

On May 14, 2013, Petitioner filed a second application for a writ of error *coram nobis* to the Second Department, again on grounds of ineffective assistance of appellate counsel. App. II at 203-308. On April 9, 2014, the Second Department again denied Petitioner's application for a writ of error *coram nobis*, finding once again Petitioner had "failed to establish he was denied the effective assistance of appellate counsel." *People v. Parks*, 982 N.Y.S.2d 920, 920 (2d Dep't 2014); *see also* App. II at 343. On April 29, 2014, Petitioner filed an application for leave to appeal the denial of his second petition for a writ of error *coram nobis* to the New York Court of Appeals. App. II at 333-42. On June 25, 2014, an Associate Justice for the New York Court of Appeals denied Petitioner's application for leave to appeal. *People v. Parks*, 16 N.E.2d 1286, 1286 (N.Y. 2014); *see also* App. II at 344.

### *Habeas Corpus* **Petition**

On August 11, 2014, Petitioner filed the instant *habeas corpus* petition pursuant to 28 U.S.C. § 2254. Petition at 1. Petitioner argues he is entitled to *habeas* relief because (1) the verdict was against the weight of the evidence because accomplice testimony at trial was insufficiently corroborated; (2) his right to due process was violated when a prosecution witness who was under psychiatric care was permitted to testify at trial; (3) he received ineffective assistance of counsel at trial because trial counsel failed to preserve the objection to accomplice testimony; (4) he received ineffective assistance of counsel at trial because trial counsel failed to present exculpatory evidence to the jury; (5) he received ineffective assistance of appellate counsel because appellate counsel failed to raise a claim regarding the prosecution witness who was under psychiatric care; and (6) he received ineffective assistance of appellate counsel because appellate counsel failed to contest the prosecutor's prejudicial opening statement and prosecutor's allowing of police officers to testify falsely. *Id.* at 6-14. Respondent Superintendent Michael Sheahan ("Respondent"), the authorized person who has custody of Petitioner, argues the writ should not issue to Petitioner on any of these grounds. Opp. at 1-22. The Court will address each of the issues in turn.

## DISCUSSION

## I.     **Legal Standard**

The Court's review of this *habeas corpus* petition is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. A federal habeas court may only consider whether a person is in custody pursuant to a state court judgment "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA requires federal courts to apply a "highly deferential standard" when conducting *habeas corpus* review of

state court decisions and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted).

When an issue raised in a petitioner's *habeas* petition has been litigated before the state court on appeal, a petitioner is entitled to *habeas corpus* relief only if he can show the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d).

"For the purposes of federal habeas review, 'clearly established law' is defined as 'the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state court decision.'" *Davis v. Racette*, 11-CV-5557, 2015 WL 1782558, at *3 (E.D.N.Y. Apr. 21, 2015) (Brodie, J.) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "A state court decision is 'contrary to,' or an 'unreasonable application of,' clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different [from] that reached by the Supreme Court on 'materially indistinguishable' facts; or (3) identifies the correct governing legal rule, but unreasonably applies it to the facts of the petitioner's case." *Id.* (quoting *Williams*, 529 U.S. at 412-13 and citing *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011)). To establish that a state court's decision constitutes an unreasonable application of the law, the state court decision must be "more than incorrect or erroneous[,]" it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). This means "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *see also*

*Portalatin v. Graham*, 624 F.3d 69, 79 (2d Cir. 2010). "This distinction creates 'a substantially higher threshold' for obtaining relief than *de novo* review." *Renico*, 559 U.S. at 773 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

As will be discussed below, each of Petitioner's five claims was raised at some step in the state court appeals process. Accordingly, Petitioner is entitled to *habeas corpus* relief on any ground individually only if he can show the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).

## II. Analysis

### A. Petitioner's Insufficient Corroboration Claim

Petitioner argues he was denied his constitutional right to a fair trial because the testimony of each of his accomplices (Alfred Snell and Robert Bradley) was unsupported by corroborating evidence and the corroborating witness was "incredible and insufficient as a matter of law[.]" Petition at 6. Specifically, Petitioner contends the testimony was unsupported by corroborating evidence because "[t]he witness the state used to corroborate the accomplice testimony was a mentally ill person, and the independent evidence tending to connect [Petitioner] to the crime was circumstantial at best." *Id.*

Petitioner raised this claim on his direct appeal of his conviction to the Second Department. *See Parks*, 889 N.Y.S.2d at 621. Accordingly, Petitioner is entitled to *habeas corpus* relief only if he can show the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *see also* I, *supra*. The Court will address the issues with each accomplice's testimony in turn.

## 1. Testimony of Alfred Snell

Alfred Snell was Petitioner's accomplice in the restaurant robbery that resulted in the death of Mr. Luxama. Opp at ¶ 5; App. II at 21. Respondent argues Petitioner's request for *habeas* relief with regards to Mr. Snell's testimony is procedurally barred and must be denied because the Second Department denied the claim on an adequate and independent state ground. Opp. at 1-6.

Under the Adequate and Independent State Ground doctrine, "the Supreme Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Davis v. Racette*, 11-CV-5557, 2015 WL 1782558, at *7 n.3 (E.D.N.Y. Apr. 21, 2015) (Brodie, J.) (internal quotation marks omitted) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "In the context of federal habeas review, if a state prisoner's federal challenge was not addressed in state court because the prisoner failed to meet a state procedural requirement, federal habeas review is barred." *Id.* (citing *Coleman*, 501 U.S. at 730). "A procedural rule is considered adequate if it is firmly established and regularly followed by the state in question." *Davis v. Walsh*, 08-CV-4659, 2015 WL 1809048, at *9 (E.D.N.Y. Apr. 21, 2015) (Chen, J.) (internal quotation marks and citation omitted). "To be independent, the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case[.]" *Id.* (internal quotation marks and citation omitted).

"Once it is determined that a claim is procedurally barred under state rules, a federal court still may review such a claim on its merits if the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate the failure to consider the claim will result in a miscarriage of justice." *Osbourne v. Health*, 12-CV-1138, 2015 WL

9

1548947, at *8 (E.D.N.Y. Apr. 8, 2015) (Bianco, J.) (citing *Coleman*, 501 U.S. at 750). "A miscarriage of justice is demonstrated [only] in extraordinary cases, such as where a constitutional violation results in the conviction of an individual who is actually innocent." *Id.* (citation omitted). A federal court may also review a claim on its merits if the state law, while generally adequate, has been applied exorbitantly. *Lee v. Kemma*, 534 U.S. 362, 376 (2002).

Under New York law, there is a contemporaneous objection rule, codified in New York Criminal Procedure Law § 470.05(2), which requires "a protest [to the ruling or instruction] [be] registered, by the party claiming error, at the time of such rule or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." N.Y. Crim. Pro. Law § 470.05(2). The objection must be "specifically directed at the error being urged[;]" "general motions [] do not create questions of law" for a New York appellate court to review. *People v. Hawkins*, 900 N.E.2d 946, 950 (N.Y. 2008) (internal quotation marks and citations omitted). In addition, an objection raised for the first time on appeal is unreviewable by a New York appellate court. *People v. Laraby*, 703 N.E.2d 756, 756 (N.Y. 1998) (citations omitted).

In reviewing Petitioner's claim, the Second Department found Petitioner's "post verdict motion did not preserve his legal sufficiency claim with respect to" the insufficient corroboration of Mr. Snell's testimony. *Parks*, 889 N.Y.S. 2d at 621. This ruling was made on the basis of New York Criminal Procedure Law § 470.05(2), a New York state procedural law that the Second Circuit has explicitly recognized as both adequate and independent. *Garvey v. Duncan*, 485 F.3d 709, 720 (2d Cir. 2007) ("Therefore, because § 470.05(2) is a state law ground on which the New York appellate court's decision is based, and that ground is both independent of any federal question and adequate under firmly established and regularly followed state law, we will not disturb the state appellate court's ruling[.]"). Accordingly, Petitioner's challenge to Mr.

Snell's testimony as insufficiently corroborated must fail unless Petitioner can show cause and prejudice or a miscarriage of justice.

Petitioner has alleged neither cause, nor prejudice, nor a miscarriage of justice, nor exorbitant application in his *habeas* petition. Petitioner does not argue that he should be excused for failure to make this claim or otherwise demonstrate cause for his procedural default. Further, even reading the petition liberally, Petitioner has neither demonstrated prejudice nor that a fundamental miscarriage of justice will result if these claims are not reviewed by the federal court. Petitioner's claim is therefore without merit. Petitioner's request for *habeas* relief on this basis is denied.

### 2. Testimony of Robert Bradley

Robert Bradley was Petitioner's accomplice in the grocery store robbery. Opp at ¶ 5. Defendants argue Petitioner's request for *habeas* relief with regards to Mr. Bradley's testimony should be denied because the Second Department's decision to deny this claim on the merits was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. Petition at 6-8.

Plaintiff claims he was denied a fair trial because Robert Bradley's testimony was insufficiently corroborated. *Id.* at 6. Corroboration of witness testimony, however, is not required under federal law. Rather, the "testimony of a single accomplice is sufficient to sustain a conviction so long as that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt." *United States v. Hamilton*, 334 F.3d 170, 179 (2d Cir. 2003) (internal quotation marks and citation omitted). Instead, "lack of corroboration goes only to the weight of the evidence, not its sufficiency[]" and the "weight of the evidence is a matter for argument to the jury, not a ground for reversal[.]" *Id.* (internal quotation marks and citations

omitted). While a lack of corroboration may have constituted a violation of state law, lack of corroboration does not constitute a "violation of federal law, let alone of any federal constitutional right." *Young v. McGinnis*, 319 F. App'x 12, 13 (2d Cir. 2009) (citations omitted). Petitioner's insufficient corroboration claim therefore "raises an issue of state law only that is not cognizable on federal habeas review." *Bryson v. Sheahan*, 11-CV-749, 2013 WL 5502835, at *33 (E.D.N.Y. Oct. 1, 2013) (Feuerstein, J.) (citations omitted). Accordingly, Petitioner's request for *habeas* relief on this basis is denied.

## B. Petitioner's Incompetent Witness Claim

Petitioner next argues his Due Process and Equal Protection rights to a fair trial were violated when the trial court did not hold a hearing regarding the competency of Arietha Stewart, a prosecution witness who was under psychiatric care, to testify and then permitted Ms. Stewart to testify. Petition at 9.

Petitioner raised this issue in his 440 motion to the trial court. App. II at 23-24. The trial court dismissed the claim as procedurally barred pursuant to New York Criminal Procedure Law § 440.10 and, alternatively, on the merits. Accordingly, Petitioner is entitled to *habeas corpus* relief only if he can show the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *see also* I, *supra*.

As an initial matter, Petitioner's claim is procedurally barred by an adequate and independent state law ground. *See* II.A.1., *supra*. In addressing this claim in Petitioner's 440 motion, the trial court noted "if a defendant has raised or could have raised an issue on appeal, then the court should not review it in [a 440] motion" pursuant to New York Criminal Procedure Law § 440.10. App. II at 23. New York Criminal Procedure Law § 440.10(2)(c) states:

> 2 . . . the court must deny a motion to vacate a judgment when:
> (c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to . . . raise such ground or issue upon an appeal actually perfected by him[.]

N.Y. Crim. Proc. Law § 440.10(2)(c). Here, Petitioner could have raised the issue regarding Ms. Stewart during the direct appeal of his conviction to the Second Department. Petitioner, who was represented by counsel on that appeal, failed to do so. *See* App. I at 1-32. Instead, Petitioner only argued that Ms. Stewart's testimony was incredible as a matter of law; he did not argue that the trial court erred in failing to hold a hearing or in permitting her to testify at all. *Id.* at 19.

New York Criminal Procedure Law § 440.10(2)(c) has been recognized by courts in this Circuit as an adequate and independent state law ground when the facts on which the claim is based were in the record presented on direct appeal. *See, e.g.*, *Harris v. Lempke*, 09-CV-5193, 2015 WL 2060811, at *10 (S.D.N.Y. May 4, 2015) (Preska, J.) (adopting report and recommendation from Mag. J. Fox). Accordingly, Petitioner's challenge to the trial court's failure to hold a hearing on Ms. Stewart's competency and his challenge to the trial court's decision to allow her to testify must fail as procedurally barred unless Petitioner can show cause and prejudice, a miscarriage of justice, or exorbitant application. Even reading the petition liberally, Petitioner has neither demonstrated cause, nor prejudice, nor exorbitant application, nor that a fundamental miscarriage of justice will result if these claims are not reviewed by the federal court. Accordingly, Petitioner's claim cannot be reviewed by a federal *habeas* court. *See id.* Petitioner's request for *habeas* relief on this basis is denied.

## C. Petitioner's Ineffective Assistance of Counsel Claims

Petitioner alleges four claims for ineffective assistance of counsel, two on the basis of ineffective assistance of trial counsel and two on the basis of ineffective assistance of appellate counsel. Specifically, Petitioner alleges he was denied effective assistance of trial counsel because (1) trial counsel failed to preserve for appellate review Petitioner's claim that Mr. Snell's accomplice testimony was not sufficiently corroborated, and (2) trial counsel failed to place *Brady* material in his possession before the jury. Petition at 8, 11. Petitioner alleges he was denied effective assistance of appellate counsel because (1) appellate counsel failed to raise a claim on the basis of the trial court's failure to hold a hearing on Ms. Stewart's competency to testify or on the basis of Ms. Stewart's "psychiatric problems," and (2) appellate counsel failed to challenge prosecutor's prejudicial opening statement and prosecutor's putting on of false testimony by three police officers. *Id.* at 13-14.

Petitioner's ineffective assistance of counsel claims were addressed on the merits at different points by the state courts on appeal. *See Parks*, 951 N.Y.S.2d at 916 (finding Petitioner was not denied effective assistance of appellate counsel); *Parks*, 889 N.Y.S.2d at 621-22 (holding trial counsel's failure to preserve corroboration claim was not ineffective assistance); App. II at 25-27 (finding trial counsel's failure to present certain evidence to the jury was not ineffective assistance). Petitioner, accordingly, is entitled to *habeas corpus* relief only if he can show the relevant state court adjudications "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *see* I., *supra*.

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the relevant federal law governing ineffective assistance of counsel claims. In reviewing a state court's application of the

*Strickland* standard, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, [the district court] were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States [D]istrict [C]ourt." *Harrington*, 562 U.S. at 101.

"Under *Strickland*, in order to prevail on an ineffective-assistance-of-counsel claim, a defendant must meet a two-pronged test: (1) he 'must show that counsel's performance was deficient' . . . and (2) he must show that 'the deficient performance prejudiced the defense[.]'" *Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011) (quoting *Strickland*, 466 U.S. at 687, 690). "It is the accused's 'heavy burden' to demonstrate a constitutional violation under *Strickland*." *Moreno v. Smith*, 06-CV-4602, 2010 WL 2975762, at *15 (E.D.N.Y. July 26, 2010) (Matsumoto, J.) (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)).

Under the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential. *Strickland*, 466 U.S. at 689 (internal quotation marks and citations omitted). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citations omitted). Further, it is well settled under *Strickland* that "the failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which Petitioner [i]s entitled." *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001). "The failure of a lawyer to invoke meritless objections cannot constitute constitutionally deficient performance." *Hicks v. Ercole*, 09-CV-2531, 2015 WL 1266800, at

*23 (S.D.N.Y. Mar. 18, 2015) (Nathan, J.) (citing *United States v. Reqalado*, 518 F.3d 143, 150 n.3 (2d Cir. 2008)). Similarly, "counsel [does] not render ineffective assistance by failing to make [an objection that would have been overruled as baseless]." *Johnson v. Rivera*, 07-CV-334, 2010 WL 1257923, at *9 (N.D.N.Y. Mar. 25, 2010) (McAvoy, J.) (citing *United States v. DiPaolo*, 804 F.2d 225, 234 (2d Cir. 1986)).

Under the second prong, to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." *Strickland*, 466 U.S. at 694.

### 1. Petitioner's Failure to Raise Insufficient Corroboration Claim

Petitioner argues he was denied effective assistance of counsel because his trial counsel failed to preserve for appeal the objection that Mr. Snell's accomplice testimony was insufficiently corroborated. Petition at 8.

In reviewing this claim, the Second Department held Petitioner "could not have been denied the effective assistance of counsel" because "failure to preserve a claim that was without merit is not a prejudicial error." *Parks*, 889 N.Y.S.2d at 621-22. The only issue before this Court is whether this determination was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). It is well settled that "the failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which Petitioner [i]s

16

entitled." *Aparicio*, 269 F.3d at 99; *see, e.g., Hicks*, 2015 WL 1266800, at *23 ("The failure of a lawyer to invoke meritless objections cannot constitute constitutionally deficient performance.") (citing *United States v. Reqalado*, 518 F.3d 143, 150 n.3 (2d Cir. 2008)); *Johnson*, 2010 WL 1257923, at *9 ("[C]ounsel [does] not render ineffective assistance by failing to make [an objection that would have been overruled as baseless].") (citing *United States v. DiPaolo*, 804 F.2d 225, 234 (2d Cir. 1986)). Because the Second Department found that Petitioner's claim was meritless under New York law,[2] it follows that Petitioner suffered no prejudice under the second prong of *Strickland* as a result of trial counsel's failure to preserve the issue because the Second Department's outcome would not have been different. Accordingly, the Second Department's determination was not contrary to, or an unreasonable application of, the *Strickland* standard. Petitioner's request for *habeas* relief on this basis must be denied.

## 2. Petitioner's Failure to Present *Brady* Evidence Claim

Petitioner next argues he was denied effective assistance of trial counsel when trial counsel failed to present *Brady* evidence to the jury. Petition at 11. Specifically, Petitioner contends trial counsel's performance was deficient due to his failure (1) to call witnesses whose testimony had been coerced by the police, and (2) to show the jury that the boots with Mr. Luxama's blood on them were not Petitioner's size. *Id.*

It is well settled that counsel may engage in trial strategy tactics without providing a deficient performance under *Strickland*'s first prong. *See Strickland*, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that,

---

[2] As discussed at II.A.2, *supra*, corroboration of witness testimony is not required under federal law and therefore a failure to corroborate is not a federal violation.

under the circumstances, the challenged action might be considered sound trial strategy.") (internal quotation marks and citations omitted). "Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." *United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) (internal quotation marks and citation omitted).

In relation to Petitioner's allegation that trial counsel's performance was deficient for his failure to call specific witnesses, "[t]he decision of whether to call any witnesses on behalf of a defendant, and which witnesses to call or omit to call, is a tactical decision which ordinarily does not constitute incompetence as a basis for a claim of ineffective assistance of counsel." *Blond v. Graham*, 12-CV-1849, 2014 WL 2558932, at *10 (N.D.N.Y. June 6, 2014) (Singleton, J.) (internal quotation marks omitted) (citing *Speringo v. McLaughlin*, 202 F. Supp. 2d 178, 192 (S.D.N.Y. 2002) (Marrero, J.) and *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987)). Further, "[s]uch a claim is disfavored in habeas review because allegations of what a witness would have testified are largely speculative." *Speringo*, 202 F. Supp. 2d at 192 (internal quotation marks and citations omitted).

Here, Petitioner alleges trial counsel should have called two particular witnesses to testify that some of the statements they made to police officers were made under duress and thereafter that the witnesses changed their testimony. App. I at 108, 246-50. Even crediting Petitioner's statement that the two witnesses would have testified they were coerced into providing false statements at one point, Petitioner has not accounted for whatever else the witnesses might have said under oath. For example, Respondent points out that while one of the witnesses recanted her coerced testimony that she was an eyewitness to the restaurant robbery and murder of Mr. Luxama, her revised, non-coerced testimony still involved her testifying that: she was in a car with Petitioner the day of the robbery, she saw Petitioner and Mr. Snell enter the restaurant in

which the hold-up and murder took place, she saw Petitioner was armed with a silver handgun and Mr. Snell with a shotgun when they entered the restaurant, when Petitioner returned from the restaurant she saw he had blood on his face, and Petitioner told her he had "beat up" someone in the restaurant. *Id.* at 246-47. The other witness identified by Petitioner, meanwhile, would have testified only that she was in the minivan with Petitioner and Mr. Snell prior to the robbery, although she would have contradicted Mr. Snell's testimony that she was in the minivan during the robbery. *Id.* at 249.

Trial counsel could reasonably have concluded that calling either of these witnesses would have done more harm than good for Petitioner, especially the testimony of the first witness. The second witness would have, at best, attacked Mr. Snell's testimony on a collateral matter and, at worst, would have put Petitioner and Mr. Snell in the minivan not long before the robbery. The first witness would have definitively placed Petitioner at the restaurant robbery, covered in blood. Accordingly, the Court finds the trial court's rejection of Petitioner's claim on the merits was not contrary to, or an unreasonable application of, the *Strickland* standard. Petitioner's request for *habeas* relief on this basis is denied.

In relation to Petitioner's argument that trial counsel should have shown the size 9 boots to the jury, the Court again finds the trial court's rejection of Petitioner's claim was not contrary to, or an unreasonable application of, the *Strickland* standard, this time because Petitioner cannot show prejudice. Under the second prong of the *Strickland* standard, "[a] defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner argues trial counsel was deficient for not showing the bloody size 9 boots to the jury because Petitioner wears a different shoe size. Petition at 11; App. I at 111. The trial court noted that the boots had

19

Mr. Luxama's blood on them and that they were in a bag with clothing that Petitioner did not dispute was his. App. II at 25. Although Petitioner tried to argue the boots belonged to Mr. Snell, the trial court credited Mr. Snell's testimony that he did not recognize the boots. *Id.* Taken together, the Court finds the evidence was sufficiently strong that Petitioner cannot show the outcome would have been different if trial counsel had emphasized the boots' size in front of the jury. Accordingly, the trial court's rejection of Petitioner's claim on the merits was not contrary to, or an unreasonable application of, the *Strickland* standard. Petitioner's request for *habeas* relief on this basis is also denied.

### 3. Petitioner's Failure to Challenge Ms. Stewart on Appeal Claim

Petitioner alleges he received ineffective assistance of appellate counsel because counsel failed to argue that Petitioner's rights were violated when the trial court did not hold a hearing on Ms. Stewart's competency to testify. Petition at 13.

Petitioner raised this claim in his both of his applications for a writ of error *coram nobis*. App. II at 50-55, 224. The Second Department rejected his claim on the merits twice, holding both times he had "failed to establish that he was denied the effective assistance of appellate counsel." *Parks*, 982 N.Y.S.2d at 920 (citations omitted); *Parks*, 951 N.Y.S.2d at 916 (citations omitted).

In *Jones v. Barnes*, 463 U.S. 745 (1983), the Supreme Court interpreted the *Strickland* standard as it applies to appellate counsel and "held that appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). It follows that the choice of which issues to raise on appeal is a matter of professional judgment left to appellate counsel. *Barnes*, 463 U.S. at 751, 754. Accordingly,

courts "are instructed not to second-guess reasonable professional judgments and impose on counsel a duty to raise every colorable claim." *Acevedo v. Capra*, 14-CV-1148, 2015 WL 1841436, at *1 (2d Cir. Apr. 23, 2015) (internal quotation marks, ellipses, and citation omitted). Thus, while "it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, [] it is difficult to demonstrate that counsel was incompetent" as a criminal defendant must show "that a particular nonfrivolous issue was clearly stronger than issues that counsel did present." *Smith*, 528 U.S. at 288.

Here, appellate counsel attacked Ms. Stewart's testimony by arguing that it was incredible as a matter of law. App. II at 152 (affirmation of appellate counsel). Appellate counsel did not attack Ms. Stewart's testimony on the basis that the trial court should have held a hearing on her competency because "[t]here is no way to argue against the [trial] court's in-person evaluation of [her] competence, and it cannot be assumed . . . that the [hospital] records contain more effective impeachment than the appellate record itself." *Id.* at 171. Appellate counsel also stressed that the case law supports only "limited concerns about the competency of a witness" and so he chose to attack the testimony at issue as incredible rather than incompetent. *Id.*

This choice is properly left to counsel. *See Barnes*, 463 U.S. at 751, 754. Further, Petitioner has not alleged, nor could he, that the argument that trial court should have held a hearing on Ms. Stewart's competency is clearly a stronger basis for review than the argument that her testimony was incompetent. *See Smith*, 528 U.S. at 288. Given the high standard to show deficient performance of appellate counsel under *Strickland* as recognized in *Barnes* and *Smith*, the Court finds the trial court's rejection of Petitioner's claim on the merits was not contrary to, or an unreasonable application of, Supreme Court precedent.

### 4. Petitioner's Failure to Object to Prosecutor on Appeal Claim

Petitioner also argues he was denied effective assistance of appellate counsel because (1) "counsel failed to raise any arguments regarding the prosecution's prejudicial opening statement" and (2) counsel failed to raise any arguments about the prosecutor's allowing "police to falsely testify." Petition at 13.

Petitioner raised this issue only in his second application for a writ of error *coram nobis*. App. II at 225, 228-29. The Second Department also rejected this claim on the merits, holding he had "failed to establish that he was denied the effective assistance of appellate counsel." *Parks*, 982 N.Y.S.2d at 920 (citations omitted).

Regarding the prosecutor's opening statement, Petitioner alleges the statement was prejudicial because prosecutor promised Ms. Stewart would testify Petitioner came to her house covered in blood and the prosecution would produce the bloody clothes and bloody boots, and then the prosecutor failed to produce this evidence. App. II at 225; *see also* Dkt 7-1 ("Tr. I") at 411-12. While Ms. Stewart did not testify that Petitioner arrived covered in blood, she did testify that he "washed up" in her apartment and that she gave his boots and clothing to the police after he was arrested. Tr. II at 347-48, 350-51. She also identified the bloody boots as those she had given to the police. *Id.* at 350-51. Further, while it is true the only items that were examined for blood were the boots, the boots were found to have Mr. Luxama's blood on them. *Id.* at 456-58.

The relevant federal law on the issue of when prosecutorial misconduct amounts to the denial of a criminal defendant's due process rights is set forth in *Darden v. Wainwright*, 477 U.S. 168 (1986), *United States v. Young*, 470 U.S. 1 (1985), and *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974). "[A] claim of prosecutorial misconduct requires a court to consider whether the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a

denial of due process." *Covington v. Warden, Five Points Corr. Facility*, 11-CV-8761, 2014 WL 7234820, at *13 (S.D.N.Y. Dec. 8, 2014) (Mass, Mag. J.) (internal quotation marks omitted) (citing *Darden*, 477 U.S. at 181). A finding that the comments were "undesirable or even universally condemned" is not enough. *Darden*, 477 U.S. at 181. Similarly, "a mere showing of prosecutorial misconduct does not necessarily entitle a petitioner to habeas relief." *Covington*, 2014 WL 7234820 at *13 (citing *Bentley v. Scully*, 41 F.3d 818, 824 (2d Cir. 1994). "Instead the petitioner must show that he suffered actual prejudice because the prosecutor's comments . . . had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* (internal quotation marks omitted) (citing *Bentley*, 41 F.3d at 824). Further, "a habeas court must determine whether any of the allegedly improper comments were minor aberrations in a prolonged trial as opposed to cumulative evidence of a proceeding dominated by passion and prejudice." *Stewart v. Lee*, 09-CV-4374, 2014 WL 3014608, at *5 (E.D.N.Y. July 3, 2014) (Vitaliano, J.) (internal quotation marks and citations omitted). As a result of this high standard, "a [petitioner] asserting that a prosecutor's remarks warrant a new trial faces a heavy burden, because the misconduct alleged must be so severe and significant as to result in the denial of his right to a fair trial." *United States v. Coplan*, 703 F.3d 46, 86 (2d Cir. 2012) (internal quotation marks and citation omitted).

Here, while the prosecutor may have somewhat overstated her case against Petitioner, there is no evidence that Petitioner was prejudiced by the challenged statements in the prosecutor's opening or that, but for those statements, Petitioner would have been acquitted. The evidence strongly supports the prosecutor's theme, namely, that the bloody boots belonged to Petitioner and that this suggests Petitioner was involved in Luxama's murder. Petitioner, therefore, has failed to show that an argument challenging prosecutor's opening statement as

prejudicial "was clearly stronger" that the issues appellate counsel chose to raise on his direct appeal. *Smith*, 528 U.S. at 288 (citation omitted).

Regarding the alleged false police testimony, Petitioner claims appellate counsel should have challenged Detective Albanese's description of Petitioner as having corn rows at the time the officer was chasing him because, in the first trial, Detective Albanese described Petitioner as having dreadlocks. Petition at 13; App. II at 229, Tr. II at 181. In fact, Detective Albanese testified at the second trial that Petitioner had "corn rows, braids, small dreds [sic]." Tr. II at 181. This is hardly a huge difference. Further, Petitioner was identified as connected to the crimes by both of his accomplices as well as by corroborating evidence, making Detective Albanese's identification not determinative. Petitioner, therefore, has failed to show that an argument challenging Detective Albanese's description of Petitioner "was clearly stronger" that the issues appellate counsel chose to raise on his direct appeal. *Smith*, 528 U.S. at 288 (citation omitted).

Given the high standard to show deficient performance of appellate counsel under *Strickland* as recognized in *Barnes* and *Smith*, the Court finds the trial court's rejection of Petitioner's claim of ineffective assistance of appellate counsel on the merits was not contrary to, or an unreasonable application of, Supreme Court precedent. Accordingly, Petitioner's request for *habeas* relief on this ground is denied.

## CONCLUSION

For the reasons stated herein, the petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is respectfully directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED,**

/S/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May /5, 2015
Brooklyn, New York